IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF MINNESOTA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | Civil No. |
| ) | |
| v. ) | |
| ) | |
| FIFTY BELOW SALES AND MARKETING ) | |
| INC., ) | |
| ) | |
| Defendant. ) | |

**Complaint for Permanent Injunction**

Plaintiff, the United States of America, states as follows for its complaint against Fifty Below Sales and Marketing, Inc. ("Fifty Below"):

**Jurisdiction**

1. This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1340 and 1345 and Internal Revenue Code (I.R.C.) (26 U.S.C.) § 7402(a)

**Authorization**

2. This action has been requested by the Chief Counsel of the Internal Revenue Service (IRS), a delegate of the Secretary of the Treasury, and commenced at the direction of a delegate of the Attorney General, pursuant to I.R.C. § 7402.

**Nature of Action**

3. The United States is bringing this complaint to permanently enjoin Fifty Below from failing (a) to pay the IRS federal taxes withheld from employee wages, (b) to make

1597584.1

timely federal employment and unemployment tax deposits and payments to the IRS, and (c) to file timely federal employment and unemployment tax returns.

## Defendant

4.  Fifty Below is a corporation whose principal place of business is in Duluth, Minnesota.

## Defendant's Activities

5.  Fifty Below has approximately 170 employees, and is engaged in providing internet-based marketing services to businesses, including designing web pages for businesses.

6.  As an employer, Fifty Below is required by law to withhold from its employees' wages federal income and Federal Insurance Contributions Act (FICA) taxes, and to pay over to the IRS those withholdings, along with the its own FICA and Federal Unemployment Tax Act (FUTA) taxes (collectively, "employment taxes"). 26 U.S.C. §§ 3102, 3111, 3301, and 3402 .

7.  Fifty Below is also required by law to file with the IRS Employer's Quarterly Federal Tax Returns (IRS Forms 941) and Employer's Annual Federal Unemployment (FUTA) Tax Returns (IRS Forms 940) (collectively, "employment tax returns").  I.R.C. Section 6011 and Tr. Reg. (26 C.F.R.) § 31.6071(a)-1.

*Fifty Below's Current Federal Employment Tax Liabilities*

8.  Since its inception in 1997, Fifty Below has pyramided its employment taxes,

by routinely failing to meet its obligations to pay over employment taxes to the United States. During this time, Fifty Below has also failed to timely file employment tax returns on several occasions.

    9. Fifty Below currently owes the following assessed employment taxes:

| Type | Tax Period | Balance Owing | Assessment Date |
|---|---|---|---|
| 941 | 9/30/00 | $ 176,346.00 | 2/19/01 |
| 941 | 6/30/03 | $ 156,355.12 | 12/29/03 |
| 941 | 9/30/03 | $ 39,008.56 | 12/29/03 |
| 941 | 12/31/03 | $ 470,338.37 | 5/31/04 |
| 941 | 3/31/04 | $ 226,950.04 | 7/12/04 |
| 941 | 6/30/04 | $ 466.628.51 | 9/13/04 |
| 941 | 9/30/04 | $ 404,907.32 | 1/3/05 |
| 941 | 12/31/04 | $ 533,100.03 | 4/4/05 |
| 941 | 6/30/05 | $ 24,684.24 | 11/21/05 |
| 940 | 12/31/03 | $ 51,263.63 | 4/26/04 |
| 940 | 12/31/04 | $ 13,621.49 | 4/11/05 |
| | TOTAL | $ 2,563,203.54 | |

    10. In addition, Fifty Below has not deposited any taxes or filed Forms 941 for the quarters ending on 9/30/05, 12/31/05 and has only deposited approximately $43,000 for 3/31/06. The anticipated liabilities from those periods will likely total between $800,000-$1,200,000.

*Fifty Below Pyramids While Exercising Administrative Remedies from 2000-2004*

    11. In January 2000, Fifty Below entered into an agreement with the IRS to pay its 1997-1999 employment tax liabilities in monthly installments, with a $347,000 balloon payment at the end. During the installment agreement, the IRS suspended collection activities pursuant to internal procedures.

1597584.1

12. In 2002, Fifty Below defaulted on this installment agreement, which required a maximum payment of only $6,000 per month in 2002, when it stated that it would not be able to make the balloon payment . Fifty Below also pyramided additional employment taxes during the third quarter of 2000 while making installment payments under the agreement.

13. In November 2002, the IRS issued Final Notices of Intent to Levy for quarters 12/31/98, 3/31/99, 6/30/99, 9/30/99 and 12/31/99. The IRS filed notices of liens for these quarters in October, 2002 and June, 2004.

14. Shortly after receiving the Final Notices of Intent to Levy, Fifty Below submitted an offer in compromise to settle its existing liabilities on November 18, 2002. While considering the offer in compromise, the IRS suspended collection activities pursuant to IRS internal procedures.

15. While the IRS evaluated the offer in compromise, Fifty Below pyramided additional employment taxes in excess of $1,000,000 in 2003 and 2004. Because of this additional pyramiding, the IRS rejected the offer in compromise on June 23, 2004 due to Fifty Below's non-compliance.

*New Administrative Remedies Sought For 2000, 2003 and 2004 Liabilities*

16. On January 21, 2005, the IRS mailed a Final Notice of Intent to Levy to Fifty Below for Form 941 taxes from quarters 9/30/00, 6/30/03, 9/30/03, 12/31/03, 3/31/04, 6/30/04, and 9/30/04 and Form 940 taxes for 12/31/03. The liabilities for these quarters

arose while Fifty Below exercised the previous described administrative remedies during 2000-2004 for liabilities from 1997-1999.

17. On February 16, 2005, Fifty Below requested a collection due process hearing (CDP), for these periods included in the notice and appealed the levy to the IRS Collection Appeals Program (CAP) asking that the IRS permit a new installment agreement.

18. Once Fifty Below requested a CDP hearing, the IRS was required by statute to stop collection activities on those liabilities properly included in the CDP hearing.

19. On June 13, 2005, the IRS appeals officer conducting the CDP hearing rejected Fifty Below's request for a new installment agreement and issued a Notice of Determination. The CAP reached a similar conclusion and also rejected the installment agreement and affirmed the levy action. The revenue officer who dealt primarily with Fifty Below believed Fifty Below's offers were also not financially feasible, and were made merely to delay IRS collection efforts.

20. On July 11, 2005, Fifty Below filed a complaint in the United States District Court for the District of Minnesota seeking on order setting aside the adverse CDP determination or remanding that decision to the IRS appeals officer. While this appeal remains open in the District Court the IRS must continued suspending collection activities related to Fifty Below's Form 941 taxes from quarters 9/30/00, 6/30/03, 9/30/03, 12/31/03, 3/31/04, 6/30/04, and 9/30/04 and Form 940 taxes for 12/31/03.

- 5 -

1597584.1

21. On December 19, 2005, the IRS issued a Final Notice of Intent to Levy for Fifty Below's Form 941 taxes for quarters 12/31/2004 and 6/30/2005. Fifty Below requested a CDP hearing for these liabilities on January 20, 2006.

*Fifty Below Continues to Pyramid While Seeking Administrative Remedies in 2005-2006*

22. Since March, 2003, Fifty Below has pyramided employment taxes for every quarter except the first and second quarter of 2005, during which time the IRS conducted the CDP hearing. In 2004 alone, Fifty Below pyramided nearly $1,600,000.

23. Although Fifty Below paid most of its employment taxes for the first and second quarter of 2005, Fifty Below began pyramiding employment taxes again after the appeals officer issued the notice of determination.

24. Fifty Below has not deposited any employment taxes for the third or fourth quarters of 2005 and has deposited only $43,000 during the first quarter of 2006. Nor has Fifty Below filed the required employment tax returns during these quarters. Based on this, it is anticipated that Fifty Below has pyramided an additional $800,000 - 1,200,000 since filing the CDP hearing request.

25. Based on its previous activities, Fifty Below will likely continue to pyramid additional employment taxes until it exhausts its remedies in the federal court system, which would likely include an appeal to the Eighth Circuit Court of Appeals if Fifty Below loses its case currently pending before the District Court. During this time, Fifty Below will likely pyramid additional taxes, at the rate of $100,000-$150,000 per month.

**Count I: Injunction Under 26 U.S.C. § 7402(a)**

26. I.R.C. § 7402(a) authorizes a court to issue injunctions as may be necessary or appropriate for the enforcement of the internal revenue laws, even if the United States has other remedies available.

27. Fifty Below substantially interferes with the internal revenue laws by continually failing to pay its employment tax obligations required by 26 U.S.C. §§ 3102, 3111, 3301, and 3402, and failing to file returns as required by 26 U.S.C. § 6011 and Treasury Regulation (26 C.F.R.) § 31.6071(a)-1. An injunction is appropriate and necessary to prevent continued violations.

28. The United States lacks an adequate legal remedy to prevent additional pyramiding and will suffer irreparable harm as a result.

29. The harm suffered by the United States as a result of continuing pyramiding outweighs the harm suffered by Fifty Below of being forced to comply with the law by timely paying its employment tax obligations and filing its employment tax returns.

30. An injunction in this case would serve the public interest. The efficacy of the federal tax system relies on employers to collect and remit income and FICA taxes paid by its employees, and Fifty Below's pyramiding undermines this vital cog in our system of tax collection. Additionally, by using the tax money for its own business and operating expenses, Fifty Below receives an involuntary subsidy on the taxpayers of the United States, and an unfair competitive advantage over its competitors who comply with the tax

laws.

31. In the absence of an injunction backed by the Court's contempt powers, Fifty Below is likely to continue to obstruct and interfere with the enforcement of the internal revenue laws by pyramiding its taxes to the detriment of the United States.

WHEREFORE, plaintiff, the United States of America, respectfully prays for the following:

A. That the Court find that Fifty Below has engaged and is engaging in conduct interfering with the enforcement of the internal revenue laws, and that injunctive relief under I.R.C. § 7402(a) and the Court's inherent equity powers is appropriate to stop that conduct;

B. That this Court, pursuant to I.R.C. § 7402, enter a permanent injunction prohibiting Fifty Below, and its representatives, agents, servants, employees, attorneys, and anyone in active concert or participation with it, from failing to pay over to the IRS all employment taxes, including federal income, FICA, and FUTA taxes, required by law;

C. That this Court, pursuant to I.R.C. § 7402, enter a permanent injunction requiring Fifty Below, for a period of five years, to deposit withheld FICA taxes, as well as Fifty Below's share of FICA taxes, in an appropriate federal depository bank in accordance with the federal deposit regulations;

D. That this Court, pursuant to I.R.C. § 7402, enter a permanent injunction requiring Fifty Below, for a period of five years, to deposit FUTA taxes in an appropriate

federal depository bank each quarter in accordance with the federal deposit regulations;

E.  That this Court, pursuant to I.R.C. § 7402, enter a permanent injunction requiring those individuals at Fifty Below responsible for carrying out the duties established under paragraphs (C) and (D), for a period of five years, to sign and deliver affidavits to the revenue officer, or such other location as the IRS may deem appropriate, on the 1st day of each month, stating that the requisite withheld income, FICA, and unemployment tax deposits were timely made;

F.  That this Court, pursuant to I.R.C. § 7402, enter a permanent injunction requiring Fifty Below, for a period of five years, to timely file all employment tax returns with the IRS, or at such other location as the IRS may deem appropriate;

G.  That this Court, pursuant to I.R.C. § 7402, enter a permanent injunction requiring Fifty Below, for a period for five years, to timely pay all required outstanding liabilities due on each return required to be filed herein;

H.  That this Court, pursuant to I.R.C. § 7402, enter a permanent injunction requiring Fifty Below, for a period of five years, to be prohibited from assigning any property or making any disbursements after the date of this injunction until amounts required to be withheld from wages after the date of this injunction are, in fact, paid to the IRS;

I.  That this Court require Fifty Below to deliver to all of its current employees, and any former employees employed at any time since July 1, 2000, a copy of the Court's

findings and permanent injunction;

J.  That this Court require Fifty Below to post and keep posted for five years in one or more conspicuous places on its business premises where notices to employees are customarily posted, a copy of this Court's findings and permanent injunction;

K.  That the Court retain jurisdiction over this case to ensure compliance with this injunction; and

L.  That this Court grant the United States such other relief, including costs, as is just and equitable.

Dated:      March 20, 2006

Respectfully submitted,

RACHEL K. PAULOSE
United States Attorney

   /s/ Mychal A. Bruggeman
MICHAEL R. PAHL
MYCHAL A. BRUGGEMAN
Trial Attorneys, Tax Division
U.S. Department of Justice
Post Office Box 7238
Washington, D.C.  20044
Tel.:  (202) 514-6488
            616-9388
Fax:  (202) 514-6770
michael.r.pahl@usdoj.gov
mychal.a.bruggeman@usdoj.gov