UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

United States of America,

        Plaintiff,

   v.

Fifty Below Sales & Marketing, Inc.,

        Defendant.

MEMORANDUM OPINION
AND ORDER
Civil No. 06-1112 ADM/RLE

Michael R. Pahl, Esq., U.S. Department of Justice, Tax Division, Washington, D.C., on behalf of Plaintiff.

Neal J. Shapiro, Esq., Bernick & Lifson, PA, Minneapolis, MN, on behalf of Defendant.

## I. INTRODUCTION

On October 12, 2007, the undersigned United States District Judge heard oral argument on United States of America's ("United States") Motion for Summary Judgment [Docket No. 36]. In their Motion for Summary Judgment, the United States asserts there is no genuine issue of material fact regarding whether to convert the preliminary injunction previously issued by the Court into a permanent injunction. For the reasons set forth herein, the United States' Motion is granted.

## II. BACKGROUND[1]

The facts of this case are set forth in the Court's May 5, 2006, Order [Docket No. 21] and therefore only a brief summary is necessary here. Fifty Below Sales and Marketing, Inc. ("Fifty Below") is a Duluth, Minnesota corporation that specializes in providing Internet marketing

---

[1] On a motion for summary judgment, the Court views the evidence in the light most favorable to the nonmoving party. Ludwig v. Anderson, 54 F.3d 465, 470 (8th Cir. 1995).

services and designing web pages. In May of 2006, the United States was granted a preliminary injunction mandating that Fifty Below file the required tax forms with the IRS and timely pay its taxes. This Court determined the preliminary injunction was proper under both 26 U.S.C. § 7402(a) and <u>Dataphase Systems, Inc. v. CL Systems, Inc.</u>, 640 F.2d 109, 113 (8th Cir. 1981) (en banc).

Since the issuance of the preliminary injunction, Fifty Below has failed to timely file and pay its taxes. Fifty Below failed to pay Federal Unemployment Act taxes due on July 13, 2006, and October 31, 2006, contrary to the specific mandate of the preliminary injunction. Rollo Decl. [Docket No. 43] ¶ 7; Kragenbrink Decl. [Docket No. 39] ¶ 2. In further violation of the preliminary injunction, Fifty Below's August 2, 2006, payroll tax deposit was dishonored by the bank resulting in a late payment. Rollo Decl. ¶ 6; Kragenbrink Decl. ¶3.

### III. DISCUSSION

The United States asserts that because Fifty Below has failed to comply with the requirements of the preliminary injunction, this Court should convert the preliminary injunction into a permanent injunction. According to the United States, a permanent injunction is necessary under 26 U.S.C. § 7402(a) to ensure Fifty Below's compliance with the law.

Fifty Below contends that a permanent injunction is inappropriate because it has substantially complied with the preliminary injunction. While it acknowledges that it failed to comply with the preliminary injunction on the instances detailed above, Fifty Below asserts that those violations were minor and do not demonstrate a threat that Fifty Below will not comply with the preliminary injunction in the future. The parties dispute whether a permanent injunction is proper under the common law standard for a permanent injunction.

Federal Rule of Civil Procedure 56(c) provides that summary judgment shall issue "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); see Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 252 (1986); Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). On a motion for summary judgment, the Court views the evidence in the light most favorable to the nonmoving party. Ludwig, 54 F.3d at 470. The nonmoving party may not "rest on mere allegations or denials, but must demonstrate on the record the existence of specific facts which create a genuine issue for trial." Krenik v. County of Le Sueur, 47 F.3d 953, 957 (8th Cir. 1995).

The parties dispute whether this court should apply the common law standard for issuing a preliminary and permanent injunction or the "necessary or appropriate" standard set forth in 26 U.S.C. § 7402(a).[2] Because a permanent injunction is proper under both standards, this Court need not determine which standard is appropriate.

The common law standard for a permanent injunction is essentially the same as that for a preliminary injunction except that in seeking a permanent injunction, the movant must demonstrate success on the merits. See Amoco Prod. Co. v. Village of Gambell, 480 U.S. 531,

---

[2] Section 7402(a) provides that:

> The district courts of the United States at the instance of the United States shall have jurisdiction to make and issue in civil actions, writs and orders of injunction, . . . and to render such judgments and decrees as may be necessary or appropriate for the enforcement of the internal revenue laws. The remedies hereby provided are in addition to and not exclusive of any and all other remedies of the United States in such courts or otherwise to enforce such laws.

546 n.12 (1987). Once the movant has demonstrated success on the merits, the court must balance the following factors to determine whether a permanent injunction is appropriate: "(1) the threat of irreparable harm to the movant; (2) the harm to be suffered by the nonmoving party if the injunction is granted; and (3) the public interest at stake." Layton v. Elder, 143 F.3d 469, 472 (8th Cir. 1998).

The United States has succeeded on the merits and will suffer irreparable harm if Fifty Below continues its pattern of noncompliance with the IRS. Balancing the harm to Fifty Below against the public interest at stake further supports granting the United States' motion. The harm to Fifty Below is minimal because the permanent injunction simply requires its compliance with existing laws. Furthermore, there is no evidence that granting the permanent injunction would increase the chilling effect, if any, caused by the preliminary injunction. The public has a significant interest in ensuring that all taxpayers pay their appreciate share of tax revenue. For the foregoing reasons, a permanent injunction is appropriate under the common law standard and under section 7402(a)'s necessary or appropriate standard.

## IV.  CONCLUSION

Based upon the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that the United States' Motion for Summary Judgment [Docket No. 36] is **GRANTED**.

**LET JUDGMENT BE ENTERED ACCORDINGLY**.

BY THE COURT:


      s/Ann D. Montgomery
ANN D. MONTGOMERY
U.S. DISTRICT JUDGE

Dated:  November 5, 2007.