# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

United States of America,

        Plaintiff,

v.

Fifty Below Sales & Marketing, Inc.,

        Defendant.

**AMENDED MEMORANDUM OPINION AND ORDER**
Civil No. 06-1112  ADM/LIB

_____

Curtis J. Weidler, Esq., Michael R. Pahl, Esq., and Erin Lindgren, Esq., U.S. Department of Justice, Tax Division, Washington, DC, on behalf of Plaintiff.

Neal J. Shapiro, Esq., and Saul A. Bernick, Esq., Bernick & Lifson, PA, Minneapolis, MN, on behalf of Defendant Fifty Below Sales & Marketing, Inc.

Thomas E. Brever, Esq., Foster & Brever, PLLC, St. Anthony, MN, on behalf of Michael Rollo.

_____

**\*\*\*This Amended Memorandum Opinion and Order is being issued to correct an error in the April 4, 2012 Memorandum Opinion and Order [Docket No. 86], appearing in paragraph 3(a) on page eight.  The word "third" has been replaced with the word "fourth."  This is the only change, and the April 4, 2012 Order is hereby vacated and replaced with this Order.\*\*\***

_____

## I.  INTRODUCTION

On February 3, 2012, the undersigned United States District Judge heard oral argument on Plaintiff United States of America's (the "Government") Motion for Contempt [Docket No. 51] (the "Contempt Motion").  The Government seeks to hold Defendant Fifty Below Sales & Marketing, Inc. ("Fifty Below") in civil contempt of the Court's Order [Docket No. 47] dated November 5, 2007.

By Order [Docket No. 69] dated February 3, 2012, the Court ordered Fifty Below to submit

a proposed plan for meeting its outstanding tax obligations, and allowed the Government until March

20, 2012 to respond.  On March 5, 2012, Fifty Below filed its Plan for Payment of Tax Liabilities

[Docket No. 76].   On March 20, 2012, the Government filed a Motion to Appoint a Limited Receiver

[Docket No. 79] (the "Receivership Motion"), which will now be considered.  For the reasons set forth

below, the Contempt Motion and the Receivership Motion are denied without prejudice.

## II. BACKGROUND

Defendant Fifty Below is a Duluth, Minnesota-based business that provides internet services,

including web-design, to customers.  Compl. [Docket No. 1] ¶¶ 4–5.  On March 20, 2006, the

Government commenced this action alleging Fifty Below had failed to pay certain federal employment

taxes.  See generally Compl.

On March 28, 2006, the Government moved for a Temporary Restraining Order ("TRO")

compelling Fifty Below to timely make federal tax deposits and file tax returns.  By Order [Docket No.

21] dated May 5, 2006, the Court converted the motion for a TRO to one for a preliminary injunction

and granted the motion, ordering Fifty Below to timely file 940 and 941 Forms with the Internal

Revenue Service ("IRS") and timely pay its employment taxes.  The Order delineated the enjoined

activity in the body of the memorandum opinion portion of the Order.  See May 5, 2006 Order 6–7.

By Order [Docket No. 47] dated November 5, 2007, summary judgment was granted against Fifty

Below, which included granting a permanent injunction against Fifty Below.  As with the earlier Order,

the November 5, 2007 Order did not include express injunctive language in the conclusion section the

Order.  Furthermore, the November 5, 2007 Order did not state precisely what was enjoined, but

merely stated the earlier preliminary injunction was being converted into a permanent injunction.  Nov. 5, 2007 Order 3–4.

On January 12, 2012, over four years later, the Government brought the present motion to hold Fifty Below in contempt of the November 5, 2007 Order.  The Government avers Fifty Below has violated the permanent injunction by continuing to fail to pay its employment taxes.  The Government further seeks incarceration of Michael Rollo ("Rollo"), an officer of Fifty Below, until the contempt is cured.  Fifty Below argues that the permanent injunction cannot be the basis of contempt because it did not meet the requirements of Rule 65(d) of the Federal Rules of Civil Procedure ("FRCP"), and, in any event, that contempt is inappropriate because economic circumstances beyond Fifty Below's control caused their failure to timely remit employment tax payments and the IRS has other remedies available.  For his part, Rollo echoes Fifty Below's contentions and further avers that he would not be the proper officer for incarceration.

In response to the Order dated February 3, 2012, Fifty Below claims it will be able to pay its outstanding tax liability by remitting $200,000.00 monthly and paying any remaining balance on August 3, 2012.  The Government avers Fifty Below's plan lacks specificity and is unrealistic given the amount owed.  The Government further moves for the appointment of a receiver.

### III.  DISCUSSION

#### A.  Contempt Standard

"A party seeking civil contempt bears the initial burden of proving, by clear and convincing evidence, that the alleged contemnors violated a court order."  Chicago Truck Drivers v. Bhd. Labor Leasing, 207 F.3d 500, 505 (8th Cir. 2000) (citation omitted).  Once a violation of a court order has

been established, the burden shifts to show an inability to comply.  Id.  If the party sought to be held in

contempt claims present inability to comply as a defense, it must demonstrate: (1) why it is unable to

comply, explaining categorically and in detail, (2) that its inability to comply was not self-induced, and

(3) that it made in good faith all reasonable efforts to comply.  Id. at 506.  "The fashioning of an

appropriate remedy for civil contempt is within the court's broad discretion."  Chase Indus., Inc., Durus

Div. v. Frommelt Indus., Inc., 806 F. Supp. 1381, 1388 (N.D. Iowa 1992) (citing McComb v.

Jacksonville Paper Co., 336 U.S. 187, 193–94 (1949)).

### B.  Injunction Requirements

The court order Fifty Below is alleged to have violated is an injunction within the purview of

Rule 65 of the FRCP.  See Int'l Longshoremen's Ass'n, Local 1291 v. Philadelphia Marine Trade

Ass'n, 389 U.S. 64, 75 (1967) (noting that "an equitable decree compelling obedience under the threat

of contempt" is an injunction for Rule 65 purposes).  Under the FRCP, every injunction must: (1) state

the reasons why issued, (b) state its terms specifically, and (3) describe in reasonable detail, and by not

referring to another document, the act or acts restrained or required.  Fed. R. Civ. P. 65(d).

If an injunction does not comply with the mandates of Rule 65(d), it may not serve as the basis

for contempt.  See Int'l Longshoremen's Ass'n, 389 U.S. at 76.  However, failure to comply with Rule

65(d) does not render an order void.  Lawrence v. St. Louis–San Francisco Ry. Co., 274 U.S. 588,

591–92 (1927); Central States, S.E. & S.W. Areas Pension Fund v. Wintz Props., Inc., 155 F.3d

868, 875 (7th Cir. 1998) (holding that violation of Rule 65(d) "does not transform an otherwise valid

injunction into a nullity"); Tetra Sales (U.S.A.) v. T.F.H. Publications, Inc., 839 F.2d 881, 884 (2d Cir.

1988) (noting that although the specificity provisions of Rule 65(d) are not merely technical

4

requirements, failure to comply with Rule 65(d) as to form does not render the order void). Rather,

when an injunction fails to meet Rule 65(d)'s specificity requirements, the proper remedy is clarification.

See Hatten-Gonzales v. Hyde, 579 F.3d 1159, 1170 n.6 (10th Cir. 2009) (noting clarification rather

than modification of injunction violating Rule 65(d) is appropriate); Medallic Art Co. Ltd. v.

Washington Mint, LLC, 208 F.3d 203, 2000 WL 298256, at *3 (2d Cir. Mar. 21, 2000) (remanding

case to district court for clarification of injunction) (unpublished opinion). Owing to its equitable nature,

an injunction may also be modified or vacated by a district court at its discretion. Booker v. Special

School Dist. 1, Minneapolis, Minn., 585 F.2d 347, 352 (8th Cir. 1978).

### C. Injunction Will Be Clarified, and Modified to Reflect Fifty Below's Proposed Payment Plan

Without deciding whether either the May 5, 2006 Order or November 5, 2007 Order complies

with Rule 65(d), the more prudent course of action given the lapse of several years is to clarify the

permanent injunction and modify it in part to reflect new circumstances. While viewing the record as a

whole would clearly indicate what conduct was prohibited by the November 5, 2007 Order,

clarification will ameliorate any vagueness present within the four corners of that Order. Given recent

factual development, however, modification in part of the injunction is warranted.

Fifty Below does not dispute that it owes a substantial sum to the IRS. In response to the

Government's Contempt Motion, Fifty Below asserted it could pay its outstanding tax liabilities within

six months. Decl. of David L. Hogge [Docket No. 63] ¶ 6. By Order dated February 3, 2012, Fifty

Below was given an opportunity to present a payment plan. In its plan, Fifty Below avers it owes "in

excess of $1,000,000.00." Fifty Below Sales & Marketing, Inc.'s Plan for Payment of Tax Liabilities

[Docket No. 76] 1.  To cover that liability, Fifty Below proposes making five monthly payments of $200,000.00 and paying any remaining balance of post-injunction tax liabilities on August 3, 2012.

The Government responds that Fifty Below's current outstanding employment tax liability is in excess of $5.3 million.  The Government arrives at the $5.3 million figure by totaling the accrued liabilities since November 2007 and the pre-November 2007 liabilities.

The Court will adopt and hold Fifty Below to its proposed plan.  From its inception, this case has been about injunctive relief.  The Complaint includes a sole count for injunctive relief.  After granting summary judgment in related cases, then-counsel for the Government noted, "This case involves a related, but distinct, issue: whether a permanent injunction should be issued enjoining Fifty Below from failing to make timely federal tax deposits and failing to timely file its employment and unemployment tax returns."  United States' Notice of Continuing Litig. & Request to Correct Docket [Docket No. 34] 1–2.  That permanent injunction ultimately issued, and judgment was entered without any reservation of continuing jurisdiction, or jurisdiction over ancillary matters.  Therefore, the Court only retains jurisdiction to enforce its injunction.  Cf. Picon v. Morris, 933 F.2d 660, 662 (8th Cir. 1991) ("[W]hen a court issues an injunction, it automatically retains jurisdiction to enforce it.") (alteration in original) (quoting United States v. Fisher, 864 F.2d 434, 436 (7th Cir. 1988)).  Recognizing that limitation, the Government's Motion for Contempt and its accompanying memorandum made reference only to post-injunction liabilities and noted Fifty Below "now owes over $1.0 million in post-injunction employment-tax obligations."  Mem. in Supp. of United States' Mot. to Hold Def. in Civil Contempt [Docket No. 53] 1.  Employment taxes accruing prior to this case are for another court, and will not be included in the injunctive relief here.

Fifty Below's proposed plan is deficient in one notable respect. Of particular concern to the Government has been "pyramiding" of taxes. Likewise, Fifty Below has expressed its frustration in simultaneously paying old tax liabilities while incurring new liabilities. For that reason, the Court requested Fifty Below include in its plan a method for meeting its old liabilities as well as its new liabilities as they became due. Fifty Below failed to do so. Nonetheless, Fifty Below is still required to meet its present tax liabilities as they become due, and the clarifying injunction will make evident that obligation. In summary, the Court will issue the clarifying injunction below. In addition, the Court will modify the injunction by incorporating Fifty Below's plan for paying past due post-injunction tax liabilities prior to August 3, 2012. The Government's Contempt Motion is denied without prejudice.

### D.  Receivership Motion

In addition to responding to Fifty Below's payment plan, the Government moves for the appointment of a receiver pursuant to 26 U.S.C. § 7402(a). In light of the disposition of the Government's contempt motion, the appointment of a receiver is premature. The Receivership Motion is denied without prejudice, and oral argument scheduled for May 8, 2012 on that motion is canceled. However, the Government is granted leave to conduct discovery on issues related to contempt. To further streamline discovery, the Court will modify the injunction to require Fifty Below to engage in direct correspondence with the investigating IRS agent in this case, Brent Brellenthin, and counsel for the Government.

### IV.  CONCLUSION

Based upon the foregoing, and all of the files, records, and proceedings herein, **IT IS HEREBY ORDERED THAT**:

1.  The Government's Motion for Contempt [Docket No. 51] is **DENIED** without prejudice;

2.  The Government's Motion to Appoint a Limited Receiver [Docket No. 79] is **DENIED** without prejudice, and the hearing on that motion set for May 8, 2012 is cancelled;

3.  The Court, finding Fifty Below had a history of non-compliance with its employment tax obligations and finding a permanent injunction was warranted under both 26 U.S.C. § 7402(a) and the applicable common law standard, issued a permanent injunction by Order dated November 5, 2007, and that injunction is clarified and modified as follows:

    a.  Fifty Below shall file its Form 941 for the fourth quarter of 2011 no later than two business days from the date of this Order; Fifty Below shall file the original form with Brent Brellenthin, or another employee of the IRS that it designates in writing, at 1550 American Blvd., Suite 500, Bloomington, Minnesota 55425, and serve copies on counsel for the Government; Fifty Below shall file a certificate of service with the Clerk of Court within two days of such service;

    b.  Fifty Below shall timely file with the IRS all future Forms 940 and 941; Fifty Below shall file the original forms with Brent Brellenthin, or another employee of the IRS that it designates in writing, at 1550 American Blvd., Suite 500, Bloomington, Minnesota 55425; Fifty Below shall serve copies of filed forms on counsel for the Government, and a certificate of service shall be filed with the Clerk of Court within two days of service;

    c.  Fifty Below shall timely make biweekly deposits of its federal employment taxes; Fifty Below shall file a declaration under oath stating that a deposit has been made and

attach a copy of the electronic receipt indicating the date and amount of the payment with Brent Brellenthin, or another employee of the IRS that it designates in writing, at 1550 American Blvd., Suite 500, Bloomington, Minnesota 55425 within two business days of making the biweekly deposit, and serve a copy on counsel for the Government; if Fifty Below does not pay its regular biweekly payroll, it shall file a declaration under oath within two business days of its regularly scheduled payroll date with Brent Brellenthin, or another employee of the IRS that it designates in writing, at 1550 American Blvd., Suite 500, Bloomington, Minnesota 55425, and serve a copy on counsel for the Government, stating that the payroll was not paid and stating the date it will be paid;

d.  Fifty Below shall timely pay its federal employment tax liabilities, from this day forward;

e.  Whereas Fifty Below has incurred employment tax obligations, including interest and penalties, since November 5, 2007 (the "Past Due Obligations"), Fifty Below shall make payments towards the Past Due Obligations as follows:

(i) In the event that payment towards the Past Due Obligations totaling more than $200,000.00 was not made between March 6, 2012 and April 5, 2012, Fifty Below shall pay at least $200,000.00 towards the Past Due Obligations on April 6, 2012;

(ii) If any Past Due Obligations remain after April 6, 2012, Fifty Below shall pay the remaining balance of the Past Due Obligations or at least $200,000.00

9

towards the Past Due Obligations on or before April 30, 2012;

(iii) If any Past Due Obligations remain after April 30, 2012, Fifty Below shall

pay the remaining balance of the Past Due Obligations or at least $200,000.00

towards the Past Due Obligations on or before May 30, 2012;

(iv) If any Past Due Obligations remain after May 30, 2012, Fifty Below shall

pay the remaining balance of the Past Due Obligations or at least $200,000.00

towards the Past Due Obligations on or before June 29, 2012;

(v) If any Past Due Obligations remain after June 29, 2012, Fifty Below shall

pay the remaining balance of the Past Due Obligations or at least $200,000.00

towards the Past Due Obligations on or before July 30, 2012; and

(vi) If any Past Due Obligations remain after July 30, 2012, Fifty Below shall

pay the remaining balance of the Past Due Obligations on or before August 3,

2012.

4.  The Government is granted leave to conduct discovery of Fifty Below limited to the subject

of contempt.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

BY THE COURT:


_____s/Ann D. Montgomery_____
ANN D. MONTGOMERY
U.S. DISTRICT JUDGE

Dated:  April 6, 2012.